**Jesus SERRANO–SALCEDO, Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, et al., Respondents—Appellees.**

No. 01–17271.

D.C. No. CV–01–03875–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Feb. 14, 2003.

Before MCKEOWN, PAEZ and POLLAK, Circuit Judges.

MEMORANDUM*

Petitioner Jesus Serrano–Salcedo appeals the denial of habeas corpus relief under 28 U.S.C. § 2241 by the District Court for the Northern District of California. The district court concluded that the application of § 304(b) of the Illegal Immi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Reform and Immigrant Responsibility Act ("IIRIRA")[1] to an alien convicted of an aggravated felony before IIRIRA's enactment would not result in an impermissible retroactive effect. The district court reasoned that because Mr. Serrano chose to proceed to trial and was sentenced to five years or more for his aggravated felony conviction, he could not have reasonably relied on the availability of the § 212(c) waiver of deportation that predated IIRIRA.[2] We affirm this decision.

Our recent decision in *Armendariz–Montoya v. Sonchik* is controlling. 291 F.3d 1116 (9th Cir.2002). In *Armendariz–Montoya*, we held that the application of § 440(d) of the Anti-terrorism and Effective Death Penalty Act ("AEDPA")[3] to those aliens who were convicted after a jury trial prior to the enactment of AEDPA does not result in an impermissible retroactive effect. *Id.* at 1122. We reasoned that aliens who proceed to trial could not demonstrate reasonable reliance upon § 212(c) discretionary eligibility because "[u]nlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about § 440(d)." *Id.* at 1121; *cf. INS v. St. Cyr*, 533 U.S. 289, 321–22, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that IIRIRA and AEDPA are not applicable to criminal alien who *entered a guilty plea* at a time when alien was eligible for § 212(c) relief).

Mr. Serrano pleaded not guilty and chose to proceed to trial. He was convicted and sentenced to more than five years in jail. Based upon the logic of *Armendariz–Montoya*, the application of IIRIRA § 304(b) does not result in an impermissible retroactive effect. Accordingly, the district court's denial of Mr. Serrano's habeas petition was proper.

**AFFIRMED**

---

1. Section 304(b) of IIRIRA repealed § 212(c) of the Immigration and Nationality Act ("INA"), thereby prohibiting the Attorney General from granting discretionary relief for any alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1229b.

2. This waiver did not apply to an alien convicted of an aggravated felony who served at least five years of jail time. *See* Pub.L. No. 102–232, 105 Stat. 1731, 1751 (1991).

3. Section 440(d) of AEDPA was the precursor to § 304(b) of IIRIRA. Section 440(d) of AEDPA barred aliens convicted of certain crimes, including aggravated felony and controlled substance offenses, from applying to the Attorney General for § 212(c) relief. *See* Pub.L. No. 104–132, 110 Stat. 1214, 1277 (1996). Congress then completely repealed § 212(c) pursuant to § 304(b) of IIRIRA. *See* 8 U.S.C. § 1229b.